Joynes, J.
I concur with Judge Elves in thinking—
1. That the evidence proves, that “ according to the true understanding and agreement of the parties,” the note in this case was payable in Confederate treasury notes, and that this evidence was admissible against Lohman, the endorsee.
2. That the evidence proves that Crouch made a sufficient tender to Lohman of the Confederate notes payable on said note, within the meaning of the fourth section of the act of March 3, 1866.
3. That Crouch not being therefore in default, the court has no authority to impose any equitable conditions upon him beyond the payment of the sum due on the note.
4. That the tender was not sufficient to stop interest, because it does not appear that the money was kept in readiness to be paid whenever it might be called for. Gyles v. Hall, 2 P. Wms. p. 378; Shumaker v. Nichols, 6 Gratt. 592; Gammon v. Stone, 1 Ves. sen. R., 339. And, therefore,
5. That the decree should be amended so as to make the interest run from the maturity of the note, and that so amended it should be affirmed.
If there had been no tender, I think the court should have imposed equitable terms on the plaintiff. White v. Atkinson, 2 Wash. 94, establishes that when a contract for the purchase of land is made in a currency *353 which is already greatly depreciated, and which is constantly undergoing still further depreciation, specific execution will not be decreed in favor of a vendee who is in default, upon his merely paying the purchase money and interest according to his contract. The same principle applies equally in a bill to redeem an incumbrance. I incline to think, however, that all that Lohman could have insisted on would have been that Crouch should have been required to pay him the value of the Confederate money he paid Wyatt for the note — that would have saved Lohman from loss; while to give him the full value of the land, which was not his, would be to give him more than he parted with; and thus to exceed the demands of equity. It is true that, as a general rule, when a mortgagee assigns the mortgage for a consideration which is less than the sum due upon the mortgage, the assignee is entitled to the benefit of his bargain, and the mortgagor will not be allowed to redeem upon paying to the assignee what the mortgage cost him; he must pay all that is due on it. Phillips v. Vaughan, 1 Vern. R 336; Williams v. Springfield, ib. 476. That rule is obviously just, where the only condition of redemption is the payment of what the mortgagor owes under his contract. But I doubt whether that rule can justly be applied to an exceptional case wdiere, as in White v. Atkinson, the court requires more than the payment of the agreed purchase money. It requires more, in order to do justice to the defendant, and justice is done to him when he is paid for all he ever parted with, and is thus protected against loss.
Monoure P. dissented.
Decree amended so as to give interest from the maturity of the note, and affirmed.